James A. Saville, Jr.
Justin M. Heilig
HILL RIVKINS LLP
102 South Broadway
South Amboy, NJ  08879-1708
Tel: (732) 838-0300
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KAMBLY SA,<br><br>                    Plaintiff,<br><br>   - against -<br><br>M/V MSC INDIA, IMO No. 9231248, her engines, boilers, tackle, apparel, etc., *in rem*,<br><br>   - and -<br><br>KAWASAKI KISEN KAISHA LTD. and K-LINE AMERICA, INC., *in personam*,<br><br>                    Defendants. | Case No. 2:19-cv-7852<br><br><br><br><br><br>**VERIFIED COMPLAINT** |

Plaintiff Kambly SA ("Kambly"), by and through its attorneys Hill Rivkins LLP, as and for its Verified Complaint against the above-named defendants, alleges upon information and belief as follows:

1. This action arises from loss or damage to a shipment of 6,082 packages of chocolates and confectionary products (the "Cargo") transported by ocean carriage from the Netherlands to Port Elizabeth, New Jersey in or about June 2016.

2. This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

1

3. At all times relevant hereto, plaintiff Kambly was and now is a Swiss corporation or similar business entity, with an office and place of business at Verwaltung, Mühlestrasse, Trubschachen CH 3555, Switzerland.

4. At all times relevant hereto, defendant M/V MSC INDIA, formerly known as M/V E.R. INDIA (the "Vessel"), was and now is a Portuguese-flagged containership, IMO No. 9231248, employed in the common carriage of merchandise by water for hire and now is, or will be during the pendency of this action, within this District and the jurisdiction of this Honorable Court.

5. At all times relevant hereto, defendant Kawasaki Kisen Kaisha Ltd. was and now is a foreign corporation or similar business entity, with an office and place of business at 25th Floor, Kasumigaseki Common Gate West Tower 2-1, Kasumigaseki 3-chome, Chiyoda-ku, Tokyo, Japan.

6. At all times relevant hereto, defendant K-Line America, Inc., was and now is a Michigan corporation or similar business entity, with an office and place of business at 4860 Cox Road, Suite 300, Glen Allen, VA 23060.

7. At all times relevant hereto, defendant K-Line America, Inc. was and now is a wholly owned subsidiary of, as well as the North American general agent for, defendant Kawasaki Kisen Kaisha Ltd. (referred to collectively as "'K' Line"), both of which were and now are engaged in business as common carriers of merchandise by water for hire, doing regular and systematic business at the Port of New York and New Jersey, and owned, operated, managed, chartered and/or controlled the above-named Vessel which was within the jurisdiction of this Court during its discharge of the Cargo at issue.

8. In or about June 2016, the Cargo was tendered to "K" Line and loaded on board the Vessel at Rotterdam, Netherlands in good order and condition and suitable in every respect for

the intended transportation, which "K" Line and the Vessel (together "Defendants") received, accepted, and agreed to transport by ocean carriage to Port Elizabeth, NJ for certain consideration and payment of freight charges.

9. Thereafter, it was discovered that the Cargo had been opened during transport, subjected to contamination by unknown causes, physically damaged and/or shorted, causing the consignee to reject the Cargo and plaintiff Kambly to suffer monetary damages.

10. By reason of the premises, Defendants failed to deliver the Cargo to destination in the same good order and condition as it was received; were negligent and careless in their handling of the Cargo; breached their statutory, common law, and/or contractual duties and obligations as carriers and bailees of the Cargo; and were otherwise at fault.

11. Plaintiff Kambly was the shipper and/or owner of the Cargo and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the Cargo, as their respective interests may ultimately appear.

12. Kambly has performed all of the duties, obligations, and conditions precedent to be performed on its part with respect to the Cargo and is entitled to maintain this action.

13. By reason of the premises, plaintiff Kambly has sustained damages as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $338,902.67.

    **WHEREFORE**, plaintiff Kambly prays:

    (i)    that process in due form of law be issued against Defendants according to the practice of this Honorable Court;

(ii)    that, if Defendants cannot be found within this District, all of their assets and properties within this District be restrained and attached I the amount of $338,902.67, together with costs, interest, and reasonable attorneys' fees;

(iii)    that judgment be entered in favor of plaintiff Kambly against Defendants, jointly and severally, in the amount of $338,902.67, together with costs, interest, and reasonable attorneys' fees;

(iv)    that process in due form of law be issued against the Vessel, her engines, boilers, tackle, apparel, etc. according to the practice of this Honorable Court for admiralty and maritime claims, and that all persons having or claiming any interest therein be cited to appear and answer the foregoing under oath, and that judgment be entered in favor of plaintiff Kambly for its damages as aforesaid, with costs, interest, and reasonable attorneys' fees, and that the Vessel be condemned and sold to satisfy such judgment; and

(v)    for such other and further relief as this Honorable Court may deem just and proper.

Dated: March 5, 2019

HILL RIVKINS LLP, *Attorneys for Plaintiff*

By: /s/ *Justin M. Heilig*

James. A. Saville, Jr.
Justin M. Heilig
102 South Broadway
South Amboy, NJ 08816
Tel: (732) 838-0300
Email: jsaville@hillrivkins.com
Email: jheilig@hillrivkins.com

# **VERIFICATION**

THE STATE OF TEXAS  )
                    )
COUNTY OF HARRIS    )

I, Dana K. Martin, hereby verify as follows pursuant to 28 U.S.C. § 1746:

1. I am an attorney and member of the firm of Hill Rivkins LLP, the attorneys for Plaintiff in the above-captioned action, and am fully competent to make this Verification.

2. I have read the foregoing Complaint and know its contents to be true to the best of my knowledge, information, and belief. The source of my knowledge, information, and belief are documents and records contained in my files, and discussions with my client regarding same.

3. I make this Verification as counsel, given that Plaintiff is a foreign corporation residing outside the District of New Jersey.

I hereby verify under penalty of perjury that the foregoing is true and accurate.

_____
Dana K. Martin